IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICKY PETER ARACO**                                                                 **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO.** 3:25-cv-715-CWR-LGI

**CHRISTOPHER MARTIN, M.D., NATCHEZ
CLINIC COMPANY, LLC**                                         **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL REQUESTED**

Plaintiff Rick P. Araco files this Complaint in this civil action against the above-named Defendants, and in support thereof, Plaintiff would state as follows:

**PARTIES**

1. Plaintiff Rick P. Araco is an adult resident citizen of the state of Wisconsin.

2. Defendant Christopher Martin, M.D., is an individual adult resident citizen of the state of Mississippi, and a physician licensed with the Mississippi State Board of Medical Licensure. Defendant Martin may be served with process by personal service at 46 Sergeant Prentiss Dr., Suite 100, Natchez, Mississippi 39120 (business address) or at his residential address of 415 S. Rankin St., Natchez, Mississippi 39120. As Defendant Martin is a resident of the state of Mississippi, and Plaintiff is a resident of Wisconsin, diversity of citizenship exists between Plaintiff and Defendant Martin.

3. Defendant Natchez Clinic Company, LLC, is a limited liability company, organized and existing under the laws of the state of Delaware, registered to do and doing business withing the state of Mississippi, with its principal place of business located at 4000

Meridian Blvd., Franklin, Tennessee 37067. Defendant Natchez Clinic Company, LLC has three members, the same being Kevin J. Hammons, Justin D. Pitt, and W. Bradley Cash.

    A.    Natchez Clinic Company, LLC member Kevin J. Hammons is an adult resident citizen of the state of Tennessee.

    B.    Natchez Clinic Company, LLC member Justin D. Pitt is an adult resident citizen of the state of Tennessee.

    C.    Natchez Clinic Company, LLC member W. Bradley Cash is an adult resident citizen of the state of Tennessee.

Defendant Natchez Clinic Company, LLC may be served with process by personal service on its registered agent, the same being Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS 39110. As Defendant Natchez Clinic Company, LLC is a citizen of the state of Tennessee, and Plaintiff is a citizen of the state of Wisconsin, diversity of citizenship exists between Plaintiff and Defendant Natchez Clinic Company, LLC.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as in this civil action the matter in controversy exceeds the sum of $75,000.00, and it is a civil action between citizens of different states.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6.    This Court has personal jurisdiction over the persons of all Defendants named herein, including Defendant Martin, M.D., and Defendant Natchez Clinic Company, LLC as all such defendants have either registered to do and are doing business in Mississippi, have appointed an agent for service of process in this state, thereby consenting to personal jurisdiction in this state, and/or are subject to this Court's constitutionally permissible assertion of personal

jurisdiction pursuant to MISS. CODE ANN. § 13-3-57, all such Defendants having made one or more contracts with a resident of this state to be performed in whole or in part in this state, and/or having committed a tort in whole or in part in this state against a resident of this state, and/or having done business and work in this state of such character sufficient to support the constitutional assertion of personal jurisdiction over each such Defendant by this Court.

## STATUTORY COMPLIANCE

7.  Proper written notice of intention to file this action has been provided to Defendants, via regular mail, certified mail return receipt requested and/or personal service, pursuant to MISS. CODE ANN. § 15-1-36(15).

8.  Further attached hereto is a Certificate of Consultation pursuant to the requirements of MISS. CODE ANN. 11-1-58(1)(a).

## FACTS

9.  In October, 2023, Plaintiff presented at Merit Health Natchez with complaints of severe abdominal pain. He was diagnosed with perforated diverticulitis, and on October 16, 2023, Defendant Christopher Martin, M.D. ("Defendant Martin") performed an exploratory laparotomy, left hemicolectomy, sigmoid colectomy, and transverse colostomy.

10. Subsequent to the October, 2023 surgical procedure, Plaintiff continued to be treated by Defendant Martin, who provided follow up medical care and treatment. By April, 2024, Plaintiff medically qualified for a reversal of the colostomy

11. On April 3, 2024, at Merit Health Natchez, Plaintiff underwent a colostomy reversal surgical procedure performed by Defendant Martin. The surgical procedure included Dr. Martin's utilization of a side-to-side anastomosis in an attempt to reverse the colostomy. Plaintiff remained hospitalized after the surgical procedure.

12. By April 8, 2024, Plaintiff's healthcare providers suspected that Plaintiff had a leak at the site of the side-to-side anastomosis performed by Dr. Martin during the colostomy reversal procedure on April 3.

13. On April 8, 2024, Dr. Martin performed an exploratory laparotomy on Plaintiff. During the April 8 exploratory surgery, Dr. Martin determined that Plaintiff's bowel had become necrotic, including a portion of the bowel proximal to the anastomosis created by Dr. Martin on April 3.

14. During the April 8, 2024 procedure, Dr. Martin performed a right colectomy with ileocolic anastomosis, and a loop ileostomy. As a result, Plaintiff's colostomy reversal procedure failed, leaving Plaintiff with an ileostomy.

15. Plaintiff's injuries and damages suffered after Dr. Martin's October 16, April 3, and April 8 surgeries, including the failure of Plaintiff's colostomy reversal surgical procedure on April 3, 2024, are the result of Defendant Martin's breach of the applicable standard of care.

16. As a result of Dr. Martin's breaches of the standard of care, and the failure of the colostomy reversal procedure, Plaintiff suffered damages, including but not limited to being subjected to additional surgical procedures, including but not limited to the April 8 exploratory laparotomy procedure, and being required to endure an ileostomy since April 8, 2024.

17. As of the date of the filing of this Complaint, Plaintiff continues to suffer from his injuries, and continues to receive medical treatment.

18. As of the date of the filing of this Complaint, to a reasonable degree of medical probability, Plaintiff will not be able to undergo a successful reversal of his colostomy and establish reasonable or normal use of his bowel.

.

19. Plaintiff has had additional procedures performed and healthcare administered at University of Mississippi Medical Center subsequent to April, 2024, all such procedures and care necessitated by the injuries received during and/or subsequent to Dr. Martin's April 3, 2024 surgical procedure attempting reversal of the colostomy.

20. Plaintiff has and will continue to sustain severe, permanent, and horrific injuries as a result of Defendant's negligence. He has required and will continue to require medical treatment for his injuries and failed bowel repair. He has incurred and will continue to incur exorbitant medical expenses, and has been physically, mentally, and emotionally damaged by his injuries. He experienced and will continue to experience pain and suffering and emotional distress.

21. At all times material herein Defendant Natchez Clinic Company, LLC, ("Defendant Natchez Clinic"), was a provider of medical care and treatment by and through its approved members, owners, physicians, staff, agents, servants, and/or employees. At all times material, specifically from October, 2023 through April 8, 2024, medical personnel, including but not limited to Dr. Martin and other physicians, nurses, and technicians, that provided care and treatment to Plaintiff were agents, servants, or employees of Defendant Natchez Clinic, and were acting in the course and scope of those employment and/or agency relationships. As such, Defendant Natchez Clinic is vicariously liable for the negligence of all such individuals.

22. At all times material herein, Defendant Martin was a medical doctor, licensed by the state of Mississippi and was the operating, attending and admitting physician for Plaintiff during his surgery in October 2023, and return presentation in April, 2024, his evaluation and management while hospitalized from and after April 3, 2024, and his exploratory laparotomy/ileostomy conversion procedure on April 8, 2024. Upon information and belief, at all

material times, Defendant Martin was an agent, servant, employee, and/or representative of Defendant Natchez Clinic. As such, Defendant Natchez Clinic is vicariously liable for his negligence.

23. The injuries to Plaintiff caused an immediate, significant, negative and pervasive impact on his health, his physical and emotional well-being, and caused him to require additional medical treatment.

24. Plaintiff's injuries and damages were and are the result of a failure of his healthcare providers/Defendants to provide medical care and treatment to him in conformity with the standard of care applicable to Defendants.

25. As a proximate result of the actions and inactions of the Defendants, jointly and severally, Plaintiff incurred and will incur medical bills and expenses, suffered and will continue to suffer physical debility, suffered and will continue to suffer personal and bodily injury, physical pain and suffering, agony, emotional distress, mental anguish, loss of enjoyment of life, and loss of the value of household services.

26. Plaintiff's injuries and damages were caused by the negligence and wrongful acts of omission and commission of the Defendants.

27. Plaintiff's injuries and damages were caused by the negligence and wrongful acts of omission and commission attributable to one or more of the healthcare providers named as Defendants herein and/or healthcare providers employed by and/or acting on behalf of one or more Defendants named herein. Specifically, Plaintiff's associated injuries and damages are the result of medical care and treatment provided to Plaintiff which failed to meet the applicable standard of care.

28. The negligence and wrongful acts of omission and commission of the Defendants caused and/or contributed to the cause of Plaintiff's associated and resulting injuries and damages.

## CAUSES OF ACTION

## NEGLIGENCE

29. Plaintiff incorporates by reference all previous statements as if fully stated herein.

30. At all times, Defendants owed to Plaintiff:

   a. a duty to use reasonable care in their provision of care and treatment to him;

   b. a duty to order, undertake, and perform prompt and continuous diagnostic procedures, including a duty to properly and promptly perform interventional and surgical procedures necessitated by his clinical presentation;

   c. a duty to provide proper and curative treatment upon a proper and timely diagnosis;

   d. a duty to provide skilled, competent, and properly trained physicians and nurses and technicians to render care and treatment to him;

   f. a duty to accurately assess and initiate an adequate treatment and monitoring plan for him;

   g. a duty to prevent harm to Plaintiff caused or occasioned by failure to perform necessary and required medical procedures and appropriate interventions;

   h. a duty to initiate and achieve proper and necessary consults to treat his

        worsening condition;

    i.    a duty to promptly intervene and provide substantive and curative medical care to treat Plaintiff and prevent a worsening of his condition and the foreseeable harm that occurred;

    j.    a duty to perform surgical procedures in conformity with the applicable standard of care, and;

    k.    such other duties and obligations which may be shown at trial of this matter.

31.    Defendants breached one or more of such duties. Defendants' breach of such duties caused or contributed to the cause of Plaintiff's injuries damages.

32.    Additionally, at all material times, the Defendants owed Plaintiff a duty to provide accurate and timely diagnoses and treatment based on all known or knowable circumstances. Defendants further owed to Plaintiff a duty to exercise that degree of medical care of a reasonably prudent person, as well as that degree of skill, care, and competence normally exercised by minimally competent, reasonably prudent healthcare providers under the same or similar circumstances. The Defendants failed to exercise the requisite degree of care, were negligent, and breached said duties owed to Plaintiff. As a direct result of the negligence of the Defendants, Plaintiff sustained injury, continued hospitalization, and damages as set forth herein.

33.    Plaintiff asserts that the Defendants' breaches of the standard of care, were of such an egregious, ongoing and pervasive extent so as to constitute reckless conduct and/or conduct undertaken in reckless disregard for Plaintiff's safety so as to be deemed gross negligence under the applicable laws of the state of Mississippi.

34    The negligence, gross negligence, and/or reckless conduct of Defendants in failing to adhere to the minimum standards of care as set out herein is the direct and proximate cause of Plaintiff's injuries and damages and entitles Plaintiff to recover all damages allowed by law resulting therefrom, including exemplary and/or punitive damages.

## BREACH OF CONTRACT

35.    Plaintiff incorporates by reference all previous statements as if fully stated herein. At the time that Plaintiff sought, and Defendants agreed to provide medical care and treatment for Plaintiff, an agreement was formed whereby Plaintiff and Defendants, or one or more of them, entered into a contractual relationship. By entering this contractual relationship, Defendants, or one or more of them, became imposed with a contractual duty to provide reasonable and competent medical care and treatment to Plaintiff.

36.    By and through Defendants' acts and omissions as set forth herein, Defendants breached such contract.

37.    As a result of Defendants' breach of contract, Plaintiff suffered injury and damages, and Plaintiff is entitled to an award of compensatory damages sufficient to have placed Plaintiff in the same or similar financial position he would have been in had Defendants performed, and not breached, their respective contractual obligations.

## DOCTRINE OF *RES IPSA LOQUITOR*

38.    Plaintiff incorporates by reference all previous statements as if fully stated herein. The medical negligence of one or more Defendants herein that resulted in Plaintiff's injuries, and damages under the circumstances then and there existing may be established by application of the doctrine of *res ipsa loquitur*.

## LACK OF INFORMED CONSENT

39. Plaintiff incorporates by reference all previous statements as if fully stated herein. Defendant Martin failed to obtain Plaintiff's informed consent prior to proceeding with the April 3, 2024 colostomy reversal procedure, and/or the April 8 exploratory laparoscopic surgery. Defendant Martin's failure to obtain Plaintiff's informed consent prior to performing the procedures was a breach of the standard of care and caused or contributed to the cause of Plaintiff's injuries or damages.

## VICARIOUS LIABILITY

40. Plaintiff incorporates by reference all previous statements as if fully stated herein.

41. At all material times, Defendant Natchez Clinic's employees, agents, servants, partners, members, physicians and/or representatives were acting within the course and scope of their employment and/or agency with such Defendant. The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence of such employees, agents, and/or representatives are attributable to Defendant Natchez Clinic through vicarious liability, respondeat superior and other impositions of vicarious liability, including the liability imposed upon joint venturers and/or through application of *Hardy v. Brantley*, 471 So. 2d 358 (Miss. 1985) and *Gatlin v. Methodist Medical Center, Inc.*, 772 So. 2d 1023 (Miss. 2000).

42. In addition to being liable and responsible in damages for their own acts of negligence or that of their employees or independent contractors, the acts of the individual healthcare providers are imputed as a matter of law to each and all Defendants named herein, pursuant to principals of agency, master/servant liability, employer/employee liability, respondeat superior, and other impositions of vicarious liability, including the liability imposed

upon joint venturers and/or through application of *Hardy v. Brantley*, 471 So. 2d 358 (Miss. 1985) and *Gatlin v. Methodist Medical Center, Inc.*, 772 So. 2d 1023 (Miss. 2000).

### UNCONSTITUTIONALITY OF MISS. CODE ANN. § 11-1-60

43. Plaintiff incorporates by reference all previous statements as if fully stated herein.

44. Application of MISS. CODE ANN. § 11-1-60 is unconstitutional under the conditions and circumstances present, as it violates provisions of and rights guaranteed by the Constitution of the State of Mississippi, including, but not limited to, rights to equal protection of the laws, the right to trial by jury afforded pursuant to Article 3, Section 31; the separation of powers clauses in Article 1, Sections 1 and 2, and; Article 3, Section 24, providing that every person shall have access to the courts, and shall have remedy by due course of law. As § 11-1-60 is unconstitutional, such statute may not be legally applied or relied upon to cap, limit, or otherwise reduce Plaintiff's recovery of non-economic damages to which he may otherwise be entitled.

### DAMAGES

45. As a direct and proximate result of Defendants' negligence, gross negligence, breach of contracts, and other wrongful acts of Defendants, Plaintiff suffered and experienced serious bodily injury, pain and suffering, emotional distress, mental anguish, and other physical and mental injuries and damages, including but not limited to monetary damages for incurred medical expenses and costs of care, and for medical expenses and care to be incurred in the future, loss of past and future income and wage earning ability, loss of future household services, and loss of enjoyment of life, all of such damages recoverable by Plaintiff at trial of this action.

46. Because Defendants' acts and omissions constitute gross negligence, undertaken in reckless disregard for the safety of Plaintiff, Plaintiff is entitled to an award of extra-

contractual and/or punitive or exemplary damages, including attorney fees and costs, in an amount designed to deter these Defendants and others similarly situated from like conduct in the future.

47. As a proximate result of the negligence, gross negligence, and wrongful acts of Defendants as set forth herein, Plaintiff is entitled to compensatory damages, and other such damages in an amount to be determined by jury in this action; in addition to damages including, but not limited to, attorneys' fees, pre-judgment interest on all such amounts, costs, and such other amounts as found due and owing by the jury at trial of this matter.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants jointly and severally and an award of compensatory damages in an amount within the jurisdictional limits of this Court, in an amount in excess of $75,000.00, as well as an award of extra-contractual and/or punitive damages, all costs of this action, post judgment interest, attorneys fees, and such other relief as Plaintiff may be deemed to be entitled in the premises.

This, the 22nd day of September 2025.

Respectfully submitted,

**RICKY PETER ARACO, PLAINTIFF**

BY: *Michael T. Jaques*
Michael T. Jaques, Esq.

Michael T. Jaques, MSB No. 8708, *Of Counsel*
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
240 Trace Colony Park, Suite 100
Ridgeland, MS 39157
Telephone: (601) 933-2054
Facsimile: (504) 528-9973

**CERTIFICATE OF COMPLIANCE**

I hereby certify that I have consulted with a physician expert who is qualified to give expert testimony as to the standard of care and is knowledgeable of the relevant issues involved in this cause of action, and that as a result of said review and consultation, I have concluded that there is a reasonable basis for the commencement of this action.

This, the 22nd day of September 2025.

*Michael T. Jaques*
Michael T. Jaques, Esq.